UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JAMES GARNER,               ) | |
|                             ) | |
| Plaintiff,         ) | |
|                             ) | |
| v.                          ) | Case No. 2:22CV249-PPS-JPK |
|                             ) | |
| LAKE COUNTY SHERIFF KEY     ) | |
| (Badge #488), et al.,       ) | |
|                             ) | |
| Defendants.        ) | |

**OPINION AND ORDER**

James Garner, pro se plaintiff, has submitted a complaint and a petition for leave to proceed *in forma pauperis*. [DE 1, DE 2.] This is the third action filed by Garner addressing the same subject, namely his challenge to a tax deed recorded on the property at 4 Detroit Street in Hammond, Indiana, and associated eviction proceedings. Garner asserts that the property belongs to a church of which he is president, and that the actions against the property have been riddled with unlawful and unconstitutional conduct by various Lake County government agents as well as the party and attorney who obtained the tax deed.

I dismissed Garner's most recently filed action in November 2021, because Garner did not demonstrate standing to bring the action for redress for what had befallen the church property, and because the Tax Injunction Act and the *Rooker-Feldman* doctrines barred the relief he sought. [DE 4 in Case No. 2:21CR348-PPS.] The first-filed of Garner's three cases was dismissed earlier this month for the same reasons.

[DE 39 in Case No. 2:21CR250-TLS.]  The same reasoning again warrants dismissal of Garner's new action, as well as a warning against perpetually filing separate actions raising the same circumstances and related claims.  I also note that Garner previously appealed the dismissal in 2:21CR348, but that it was dismissed earlier this month for failure to prosecute.  [DE 8, 11, and 12 in Case No. 2:21CR348.]  Furthermore, there is a pending appeal in the more recently-dismissed case.  [DE 44 in Case No. 2:21CR250.]  This multiplicity of proceedings is an abuse of the judicial process that cannot be permitted to continue.

      As Garner well knows by now, because he is trying to file this case free of charge, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §1915(e)(2)(B).  A document filed pro se is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).  Despite this rule of generous construction, for all the reasons that the court has explained to Garner twice before, this action is subject to dismissal.  Rather than waste additional judicial resources repeating the analysis at length, I adopt herein by reference the two previous dismissals, DE 4 in Case No. 2:21CR348-PPS and DE 39 in Case No. 2:21CR250-TLS.

      **ACCORDINGLY:**

This case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B), and the motion to proceed *in forma pauperis* [DE 2] is **DENIED.**

The Emergency Petition and Motion for a Temporary Restraining Order and Preliminary Injunction [DE 3] is **DENIED**.

SO ORDERED.

ENTERED: August 29, 2022.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT